UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

UNITED STATES OF AMERICA                    :

      - v. -                                                     :        S2 08 Cr. 1109 (LBS)

**JOHN B. OHLE III and**                         :
**WILLIAM E. BRADLEY,**
                                                               :
      DEFENDANTS.
                                                               :

------------------------------------------------------------x


**REPLY IN FURTHER SUPPORT OF DEFENDANT
WILLIAM E. BRADLEY'S MOTION TO DISMISS THE
SECOND SUPERSEDING INDICTMENT**


                                         Federal Defenders of New York
                                         Attorney for Defendant
                                         **William E. Bradley**
                                         52 Duane Street, 10th Floor
                                         New York, New York 10007
                                         Tel.: (212) 417-8772

                                         **Sarah Baumgartel, ESQ.**
                                           Of Counsel

## ARGUMENT

Defendant William E. Bradley ("Bradley") submits this additional Reply in support of his motions to dismiss the Second Superseding Indictment filed against him on August 11, 2009 ("Indictment") in response to the Sur-Reply filed by the government dated December 7, 2009 ("Sur-Reply").

The government's Sur-Reply makes two primary arguments related to defendant Bradley: first, that Count Five should not be severed and, second, that this Court should not dismiss wire and mail fraud allegations in Count Five.

Regarding the first point, for the reasons set forth in Bradley's prior briefing, Count Five is improperly joined in this Indictment and should be severed. The government's only argument in support of joinder rests on an obfuscation of the actual allegations in the Indictment. In its Sur-Reply the government claims "Ohle generated that funding [for HOMER tax shelters] through his scheme to obtain HOMER referral fees, and other client fees." Sur-Reply at 7. However this is a blatant mischaracterization of the actual allegations in the Indictment. The Indictment does not allege that Ohle funded the HOMER tax transactions charged in Count One through referral fees – to the contrary, the Indictment makes clear that the relevant funds came from a different source, unrelated to defendant Bradley. *See* Indictment ¶¶ 100-102. Thus this argument cannot provide any justification for including Bradley in the trial of the allegations set forth in Count One. For this reason, as well as those set forth in defendants Ohle's and Bradley's prior briefing, Count Five should be severed.

Next, the Court should strike the wire and mail fraud allegations in Count Five for failure to state a legally-cognizable claim. In its briefing the government simply sets up

straw-man arguments, claiming that Bradley is arguing that criminals cannot be victims, or that intangible rights cannot be the subject of a wire fraud. But these are not Bradley's arguments. As set forth clearly in Bradley's prior briefing, in order to sustain a charge of federal mail or wire fraud in the Second Circuit, the government must establish that the person to whom misrepresentations were made had a property interest in the object of the misrepresentations. *See United States v. Pierce*, 224 F.3d 158, 165 (2d Cir. 2000); *United States v. Evans*, 844 F.2d 36, 40 (2d Cir. 1998). That was the clear holding of *United States v. Pierce*, which the government conveniently ignores in its Sur-Reply. *Pierce* did not involve intangible rights: the case centered on tax revenue. It also did not involve an "unsavory" victim: the putative victim would have been the Canadian government. Nonetheless, the Second Circuit found that no wire fraud charges were possible because the prosecution had not established that the Canadian government had a right to the tax revenue at issue: "A scheme to deceive, however dishonest the methods employed, is not a scheme to defraud in the absence of a property right for the scheme to interfere with." *Id.* at 165.

Bank A could have no property interest in the referral fees at issue here because, assuming *arguendo* the truth of Indictment's allegations, any theoretical entitlement to these fees would have stemmed from an unenforceable illegal agreement and the fees were the proceeds of illegal activity, immediately forfeit to the United States regardless. *See, e.g., Caplin & Drysdale, Chartered v. United States*, 491 U.S. 617, 626-27 (1989). Because the Bank had no property interest in these fees, any misrepresentations to the Bank regarding the fees cannot be the basis of a wire or mail fraud charge.

Finally, this requirement of a property interest does not mean that criminal conduct will go unpunished. If an individual commits a garden-variety fraud, it is presumably punishable under state criminal laws. Alternatively, an offense could be punishable under other federal statutes, including tax fraud or theft statutes. Federal courts are designed to be courts of limited jurisdiction, and not every federal criminal statute encompasses every conceivable criminal act. This fact should not empower the government to avoid the clear language of the Second Circuit as to the legal requirements for federal mail and wire fraud prosecutions.

For the reasons outlined above and in defendants' prior briefs to this Court, the Court should dismiss Count Five of the Indictment or, alternatively, grant severance and grant any further relief that the Court deems just and proper.

Dated: New York, New York
December 17, 2009

Respectfully submitted,
Federal Defenders of New York

By: /s/ Sarah Baumgartel

**Sarah Baumgartel, Esq.**
Assistant Federal Defender
Attorney for Defendant
**William E. Bradley**
52 Duane Street, 10th Floor
New York, New York 10007
Tel.: (212) 417-8772