UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------- x
:
UNITED STATES OF AMERICA,            :
                                     :  08 Cr. 1109 (JSR)
        -v-                          :
                                     :
JOHN B. OHLE III, and WILLIAM E.     :  ORDER
BRADLEY,                             :
                                     :
        Defendants.                  :
------------------------------------- :
                                     x

JED S. RAKOFF, U.S.D.J.

      Pending before the Court is John B. Ohle III's pro se request for relief from a nondisclosure agreement governing the use of certain discovery documents from his criminal trial, as well as a request for an order to compel the Bureau of Prisons to provide him the electronic means to view these discovery materials. For the reasons set out below, both requests are denied.

      On February 22, 2010, Judge Sand signed a stipulated order regarding the use and dissemination of documents provided by the Government to Ohle in discovery for his criminal trial. Ohle's counsel signed the stipulation on Ohle's behalf. The nondisclosure agreement was necessary in this case because Ohle's prosecution for various tax-related crimes involved confidential tax return documents protected by Section 6103 of the Internal Revenue Code. Ohle now seeks to use these protected materials in furtherance of several pending private lawsuits. Section 6103 strictly limits the circumstances in which tax returns may be disclosed, even to federal law enforcement agencies, and permits no disclosure for use in private litigation. Ohle presents no compelling

reason for this Court to undo his agreement not to use materials disclosed by the Government for purposes other than his criminal trial. Ohle's first request is thus denied.

Ohle's second request that this Court issue an order compelling his correctional facility to provide him with certain computer equipment and software asks this Court to interfere with a matter clearly within the jurisdiction of the Bureau of Prisons. The Bureau of Prisons affords Ohle administrative procedures through which he may make such a request, yet Ohle has failed to exhaust these avenues. The Bureau of Prisons is the most appropriate agency to balance Ohle's request with the imperatives of prison management and security. Since Ohle has not shown that he has exhausted his administrative remedies, his request for an order compelling his prison to provide him with a computer, including his request that this Court "in the alternative, Order the Defendant set free," is thus denied.

The Clerk of the Court is directed to close document number 242 on the docket of the case.

SO ORDERED.

_____
JED S. RAKOFF, U.S.D.J.

Dated: New York, New York
       September 24, 2012