UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------- x
                                :
UNITED STATES OF AMERICA        :
                                :      **THIRD PRELIMINARY**
        - v. -                  :      **ORDER OF FORFEITURE**
                                :      **AS TO SUBSTITUTE ASSETS**
JOHN B. OHLE III,               :
                                :      S3 08 Cr. 1109 (JSR)
              Defendant.        :
                                :
------------------------------- x

WHEREAS, on or about April 01, 2010, JOHN B. OHLE III (the "Defendant"), was charged in a three-count Superseding Indictment, S3 08 Cr. 1109 (JSR) (the "Indictment"), with mail, wire and personal income tax fraud conspiracy, in violation of Title 18, United States Code, Section 371 (Count One); and tax evasion, in violation of Title 26, United States Code, Section 7201 (Counts Two and Three);

WHEREAS, on or about, June 2, 2010, the Defendant was found guilty, following a jury trial, of Count One of the Indictment;

WHEREAS, on or about September 27, 2010, the Court entered a Preliminary Order of Forfeiture and Restraint of Substitute Assets, imposing a forfeiture money judgment against the Defendant in the amount of $1,256,500, representing proceeds traceable to the offense charged in Count One of the Indictment that the Defendant personally obtained, and forfeiting to the United States all of the Defendant's right, title and interest in various specific property (the "Specific Property") and restraining various substitute property ("Substitute Assets-1") (D.E 144);

WHEREAS, on or about January 10, 2011, the Court entered a Second Preliminary Order of Forfeiture, increasing the money judgment against the Defendant to $2,699,334, for which the Defendant is jointly and severally liable with co-defendant William E. Bradley for $255,000 in United States currency (D.E 168);

WHEREAS, on or about May 8, 2012, the Court entered a Final Order of Forfeiture, forfeiting to the United States a condominium unit in New Orleans, Louisiana, which constituted proceeds traceable to the commission of the offense charged in Count One of the Indictment (D.E. 234);

WHEREAS, on or about June 8, 2011, the Court entered a Stipulation and Order to resolve various third-party claims (the "Third-Party Claims"), by returning some of the Specific Property and Substitute Assets-1 to Third-Party claimants, and forfeiting the remainder of the Specific Property and Substitute Assets-1 to the United States (the "Forfeited Property") (D.E. 197);

WHEREAS, on or about May 23, 2013, the Court entered a second Stipulation and Order further clarifying the resolution of the Third-Party Claims and forfeiture of the Forfeited Property (D.E. 259);

WHEREAS, to date, $2,468,073.25 of the Money Judgment entered against the Defendant remains unpaid;

WHEREAS, as a result of acts and omissions of the Defendant, the United States has not been able to locate, obtain or collect assets traceable to the proceeds of the Defendant's offense, other than the Forfeited Property, despite the exercise of due diligence in investigating the assets of the Defendant;

WHEREAS, the Government has identified the following assets in which the Defendant has an ownership interest:

    a. Gerald Ford Signed Baseball;

    b. Deuce McAllister Worn Jersey;

    c. The History of LSU Basketball book by Joe Planas;

    d. 1987 NCAA West Regional Finals Ticket Stub;

    e. 1967 Topps Football Cards Patriots Team;

    f. 1967 Topps Football Card Bills Team;

    g. 1967 Topps Football Card Oilers Team;

    h. 1967 Topps Football Cards Bronco Team;

    i. 1967 Topps Football Checklist Card Teams;

    j. 1967 Topps Football Cars Charger Team 15 Cards;

    k. 1967 Topps Football Cards Chiefs Team 10 Cards;

    l. 1967 Topps Football Jets Team Card 12 Cards;

    m. 1967 Tops Football Card 10 Dolphins Team Cards;

    n. 1967 Topps Football Cards 13 Raiders Team Cards; and

    o. 1969 Topps Football Joe Namath Card;

(a. through o., collectively, the "Third Substitute Assets"); and

WHEREAS, the Government is seeking the forfeiture of all of the Defendant's right, title and interest in the Third Substitute Assets.

NOW IT IS THEREFORE ORDERED, ADJUDGED AND DECREED THAT:

Case 1:08-cr-01109-JSR   Document 2931   Filed 10/28/24   Page 4 of 5

1. All of the Defendant's right, title and interest in the Third Substitute Assets is hereby forfeited to the United States of America, for disposition in accordance with the law, subject to the provisions of Title 21, United States Code, Section 853(n).

2. Upon entry of this Third Preliminary Order of Forfeiture as to Substitute Assets, the United States Department of Treasury (or its designee) is hereby authorized to take possession of the Third Substitute Assets and to keep them in its secure, custody and control.

3. Upon entry of a Final Order of Forfeiture, the Third Substitute Assets shall be applied towards the satisfaction of the Money Judgment entered against the Defendant.

4. Pursuant to Title 21, United States Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, the United States shall publish for at least thirty (30) consecutive days on the official government internet forfeiture site, www.forfeiture.gov, notice of this Third Preliminary Order of Forfeiture as to Substitute Assets and provide notice that any person, other than the Defendant in this case, claiming an interest in the Third Substitute Assets must file a petition within sixty (60) days from the first day of publication of the notice on this official government internet site, or no later than thirty-five (35) days from the mailing of actual notice, whichever is earlier.

5. The notice referenced in the preceding paragraph shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Third Substitute Assets, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title or interest in the Third Substitute Assets and any

additional facts supporting the petitioner's claim and the relief sought, pursuant to Title 21, United States Code, Section 853(n).

6. The United States may also, to the extent practicable, provide direct written notice to any person, other than the defendant, known to have an alleged interest in the Third Substitute Assets, as a substitute for published notice as to those persons so notified.

7. Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture with respect to the Third Substitute Assets, pursuant to Title 21, United States Code, Section 853(n), in which all interests will be addressed.

8. The Court shall retain jurisdiction to enforce this Third Preliminary Order of Forfeiture as to Substitute Assets, and to amend it as necessary, pursuant to Federal Rule of Criminal Procedure 32.2(e).

Dated: New York, New York
\_\_\_\_\_10/31\_\_\_, 2024

SO ORDERED:

_____
HONORABLE JED S. RAKOFF
UNITED STATES DISTRICT JUDGE

5